# METH LAW OFFICES, PC

POST OFFICE BOX 560, 10 MOFFATT LANE, SUITE 2, CHESTER, NEW YORK 10918

**Tel 845-469-9529**        **Fax 845-913-9565**

December 17, 2021

***Sent via email***
***Original to follow via US First Class Mail***
Adam I. Kleinberg, Esq.
SOKOLOFF STERN LLP
179 Westbury Ave.
Carle Place, NY 11514

      RE:    Jack Mallette v. Valley Central School District, et al.,
             Case No.: 20-cv-11070(LJL)(RWL)

Dear Mr. Kleinberg:

      Enclosed herewith for service upon you, please find Plaintiff's Second Demand to Produce Documents.  Thank you.

                      Very truly yours,

                      Michael D. Meth

MDM/ch
*cc:*   *Jack Mallette*
Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JACK MALLETTE,

|                        |                                  |
|------------------------|----------------------------------|
|            Plaintiff,  |   **AFFIDAVIT OF SERVICE**        |
|   -against-            |   Case No.: 20-cv-11070 (LJL)(RWL)|

VALLEY CENTRAL SCHOOL DISTRICT; ROBERT
JURGENS, 11th Grade English Teacher 2018-2019 school
years; JAYME GINDA-BAXTER, Principal of Valley Central
High School; and MICHAEL CONKLIN,
                                        Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK      )
COUNTY OF ORANGE       ) SS:

Christina Holden, being duly sworn, deposes and states:

1.      I am over the age of eighteen years and I am employed by the law firm of Meth Law
        Offices, PC, with offices located in Chester, New York.

2.      That on the 17th day of December, 2021, I emailed and mailed a Plaintiff's Second
        Demand to Produce Documents by placing same in a postage-paid envelope and
        mailing same in an official depository under the exclusive care and custody of the
        Post Office of the United States, within the state of New York addressed to the
        following person(s) at the last known address as set forth below:

        Adam I. Kleinberg, Esq.
        SOKOLOFF STERN LLP
        179 Westbury Ave.
        Carle Place, NY 11514

Sworn to before me this
17th day of December, 2021

Christina Holden

Notary Public

MICHAEL D. METH
Notary Public, State of New York
Qualified in Orange County
Registration No. 02ME6006164
Commission Expires 07/11/2022

Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JACK MALLETTE,

                         Plaintiff,

     -against-

VALLEY CENTRAL SCHOOL DISTRICT; ROBERT
JURGENS, 11th Grade English Teacher 2018-2019 school
years; JAYME GINDA-BAXTER, Principal of Valley Central
High School; and MICHAEL CONKLIN,
                         Defendants.
-------------------------------------------------------------------X

**PLAINTIFF'S SECOND
DEMAND TO PRODUCE
DOCUMENTS**

Case No.: 20-cv-11070 (LJL)(RWL)

     Plaintiff Jack Mallette ("Plaintiff"), by and through his attorneys, Meth Law Offices, P.C.,

hereby requests that Defendants, Valley Central School District, Robert Jurgens, Jayme Ginda-

Baxter and Michael Conklin ("Defendants"), produce for inspection and copying all documents, as

that term is defined in this request, in accordance with Rules of the Federal Rules of Civil Procedure.

Production is to be made at the offices of Meth Law Offices, P.C. located at P.O. Box 560, Chester,

New York, 10918.

## DEFINITIONS

     The following definitions are incorporated by reference whenever applicable in this

document.

     1.     Incident(s):  The terms "Incident" or the "Incidents" are used broadly herein to mean

the alleged incidents as pled in Plaintiff's Complaint.

     2.     Defendants:  The term "Defendants" means  Valley Central School District, Robert

Jurgens, Jayme Ginda-Baxter and Michael Conklin.

     3.     Communication: The term "communication" means the transmittal of information (in

the form of facts, ideas, inquiries or otherwise).

4.      Document: The term "document" means, without limitation, the following items which are in the possession, custody or control of defendant, their agents, representatives and/or attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, reports, memo book entries, state and federal governmental hearings and reports, correspondence, telegrams, electronic mail, memoranda, summaries or records of telephone conversation, summaries or records of personal conversation or interviews, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigation or negotiation, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

5.      Identify (with Respect to Persons): When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6.      Identify (with Respect to Documents): When referring to documents, to "identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s) and recipient(s), or, alternatively to produce such document(s) for inspection if not called for in the Document Request.

7.      Identify (with Respect to Communications): A request to "identify" a communication means: (i) to state whether it was written or oral, and if written, to identify each document comprising or evidencing such communication; (ii) to state the date and place of such communication; (iii) to identify each individual participating therein and each individual who was present at the place or places of such communication; (iv) to state what was said by each participant

in the course of such communication, or if now known, the substance of such communication.

8.     Parties:   The terms "Plaintiffs" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

9.     Person:  The term "person" is defined as any natural person or any business, legal or governmental entity, corporation or association.

10.    Concerning:  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

11.    All/Each: The terms "all" and "each" shall be construed as all and each.

12.    And/Or:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

13.    Number:  The use of the singular form of any words includes the plural and vice versa.

## INSTRUCTIONS

1.     In responding to the following document requests, you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2.     If any document responsive to the requests has been lost, destroyed, or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person

having knowledge of the circumstances of it being lost, discarded or destroyed, and (v) your efforts to locate each such document.

3.      These document requests are to be answered with either a bates number referencing an attached document, a privilege log entry as described below accompanied by a protective order application, a statement that no such document is in the possession of the Defendants, or any other response allowed under the FRCP.

4.      If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document requested herein on any other ground, state the basis for your claim that such document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

     a.    whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

     b.    whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

     c.    any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;

     d.    the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

     e.    the type of document, e.g., letter or memorandum; the general subject matter of the document; and such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and other recipient to each

other.

5.      If in answering these requests you claim any ambiguity in interpreting either the request or a definition instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, rather you shall set forth in a part of your response to such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

6.      With respect to the documents requested, this request seeks production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

7.      Questions regarding the interpretation of this request should be resolved in favor of the broadest possible construction.

8.      The documents produced in response to these requests shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including, but not limited to the following:

a.      that all associated file labels, file headings and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

b.      that all pages now stapled or fastened together be produced stapled or fastened together; and

c.      that all documents which cannot legibly be copied be produced in their original form.

9.      This request covers the period beginning ten (10) years prior to the commencement of this action to the date of response. It is to be considered as continuing and Defendants are requested to provide, by way of supplementary responses hereto, such additional information as it

or any persons acting on its behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to this request. Such supplementary responses are to be filed and served upon counsel for Plaintiffs within thirty days after receipt of such information or documents.

## DOCUMENTS REQUESTED

1.  The list of questions given to Ms. Jayme Ginda Baxter by James Hession to be used in the questioning of Robert Jurgens during the DASA investigation filed by Plaintiff and his mother.

2.  The entire investigation file of James Hession regarding the DASA complaint filed by Plaintiff in February 2019, including but not limited to, witness interviews, notes, and findings.

This request is deemed to be continuing insofar as if any of the above is secured subsequent to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to Plaintiff's counsel within thirty (30) days of receipt of same.

Dated: December 17, 2021
      Chester, New York

Michael D. Meth
METH LAW OFFICES, P.C.
*Attorneys for Plaintiff*
P.O. Box 560
Chester, NY 10918
(845) 469-9529

TO:    Adam I. Kleinberg, Esq.
        SOKOLOFF STERN LLP
        179 Westbury Ave.
        Carle Place, NY 11514
        (516) 334-4500 x109